## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **YOLANDE M. WALLACE** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff,** | * | **SECTION** |
| | * | |
| **v.** | * | **JUDGE** |
| | * | |
| **TRANSDEV SERVICES, INC. f/k/a** | * | **MAGISTRATE JUDGE** |
| **VEOLIA TRANSPORTATION** | * | |
| **SERVICES, INC.** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL OF CIVIL ACTION

Consistent with 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Transdev Services, Inc. ("Transdev") files this Notice of Removal of Civil Action from the State of Louisiana, Civil District Court for the Parish of Orleans in which it is pending.  In support of removal, Transdev states as follows:

1.    Plaintiff Yolande M. Wallace filed a Citation and Petition for Damages ("Petition") in the State of Louisiana, Civil District Court for the Parish of Orleans, captioned Yolande M. Wallace v. Transdev Services, Inc. f/k/a Veolia Transportation Services, Inc., Case No. 2019-01612 ("State Court Action").  Transdev was served with Citation and Petition on March 18, 2019.

2.    Plaintiff's Petition alleges violations under Title VII of the Civil Rights Act of 1964, *et seq.* ("Title VII"). *See* Petition, Exhibit A, ¶ 23, 27-30.  Specifically, Plaintiff, a former employee, pleads claims against Transdev for unlawful discrimination and sex-based harassment in violation of "Louisiana Employment Discrimination Laws, La. R.S. 23:301, et seq., and other applicable laws and statutory provisions." *Id. at* ¶ 27.  Plaintiff seeks remedies, and specifically

punitive damages, which are only available under Title VII of the Civil Rights Act of 1964, *et seq*. Accordingly, this Court has original jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331, federal question jurisdiction, because the claims arise under the Constitution, laws, or treatises of the United States.

3. Plaintiff's state law claims fall within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, because they all arise from Plaintiff's employment with Transdev. Therefore, these claims are based on a common nucleus of operative facts and are so related to Plaintiff's Title VII claims that they form the same case or controversy.

4. Because this action satisfies the requirements of 28 U.S.C. § 1331, this Court has original and supplemental jurisdiction over all claims alleged in the Petition, and this action may be removed to this Court consistent with 28 U.S.C. § 1441(a).

5. This Court also has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Transdev, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a resident and citizen of the state of Louisiana. *Id* at ¶ 1.

7. Transdev is a Maryland corporation with its principal place of business in Maryland. For purposes of 28 U.S.C. § 1332(a), Transdev is therefore a citizen of the state of Maryland. Transdev is not a citizen of Louisiana because it is neither incorporated in Louisiana nor does it have its principal place of business in Louisiana.

8. Although Plaintiff does not quantify her damages, she seeks back pay, mental anguish, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, foreseeable damages, compensatory damages, punitive damages and attorney's fees.

9. Transdev denies all of Plaintiff's allegations and disputes that Plaintiff is entitled to any relief. Without prejudice to its defenses in this action, however, Transdev stipulates that the amount in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

10. Considering Plaintiff's claims for back pay, mental anguish, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, foreseeable damages, compensatory damages, punitive damages and attorney's fees, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.

11. Venue of this removal action is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 127(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

12. The causes of actions set forth in the Petition do not constitute non-removable actions under 28 U.S.C. § 1445.

13. Consistent with 28 U.S.C. § 1446(a), Transdev has attached all process, pleadings and orders that have been filed, served, or received in this action. *See* Exhibit A.

14. This Notice of Removal is filed within thirty (30) days of service of the State Court Action and is timely under 28 U.S.C. § 1446(b).

15. Consistent with 28 U.S.C. § 1446(d), written notice of removal of this case (Exhibit B), together with a copy of this Notice will be filed with the Clerk of the State of Louisiana, Civil District Court for the Parish of Orleans, and served on Plaintiff.

Transdev has provided notice to plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal (Exhibit "B"), to plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the Civil District Court for the

Parish of Orleans through the filing of the Notice of Filing of Notice of Removal into the record of the state court action.

WHEREFORE, defendant, Transdev Services, Inc., prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY:      /s/ Kathlyn G. Perez
KATHLYN G. PEREZ (30668)
EMILY OLIVIER KESLER (37747)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

*Attorney for Defendant*
*Transdev Services, Inc.*

4

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this the 16th day of April, 2019, the foregoing Notice of Removal was served on all counsel of record via facsimile transmission and/or by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid to the following:

> G. Karl Bernard, Esq.
> 1615 Poydras Street Suite 101
> New Orleans, LA 70112

_____/s/ Kathlyn G. Perez_____

KATHLYN G. PEREZ